**K&L GATES**

K&L GATES LLP
STATE STREET FINANCIAL CENTER
ONE LINCOLN STREET
BOSTON, MA 02111
T +1 617 261 3100   F +1 617 261 3175   klgates.com

October 24, 2013

Brian M. Forbes
brian.m.forbes@klgates.com

T +1 617 261 3152
F +1 617 261 3175

<u>Via Electronic Filing/ECF</u>

The Honorable Leonard D. Wexler
United States District Judge
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York  11722

Re: <u>Harte v. Ocwen Financial Corporation and Ocwen Loan Servicing, LLC</u>, No. 2:13-cv-5410-LDW-AKT (E.D.N.Y.): *Request for Pre-Motion Conference on Motion to Dismiss*

Dear Judge Wexler:

      K&L Gates LLP represents Defendant Ocwen Loan Servicing, LLC ("OLS") in the above-referenced action.[1] Pursuant to the Court's Individual Practice Rules, Rule 2.B, OLS respectfully requests a pre-motion conference on its intended motion to dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Deborah C. Harte ("Plaintiff"). OLS intends to seek dismissal of the Complaint because Plaintiff has failed to plead plausible claims for relief and the Complaint is ripe for dismissal under Fed. R. Civ. P. 12(b)(6).

## I.   Plaintiff's Complaint

      Plaintiff's claims turn on allegations regarding her alleged efforts to obtain a modification of her mortgage loan from OLS (the servicer of her loan) and the alleged conduct of OLS in connection with the review and denial of her loan modification application. *See* Compl. ¶¶ 18-54. Plaintiff alleges that she submitted an application for a loan modification to OLS on December 28, 2011 (the "Application").[2] *Id.* ¶¶ 22-23. Thereafter, Plaintiff alleges that OLS directed her to stop making her loan payments while her application was pending, that OLS made duplicative requests for information, and that OLS denied her Application in April 2012. *Id.* ¶¶ 25-30, 32, 34-41. Plaintiff further alleges that on May 16, 2012, OLS commenced a foreclosure action against her and that, as a result, she filed for Chapter 13 Bankruptcy Protection in December 2012. *Id.* ¶ 43-54.

      Plaintiff contends that OLS has a practice of wrongfully claiming not to have received documents in support of loan modification applications, of instructing borrowers to withhold monthly payments while applications are pending and then assessing "penalty fees" on borrowers for not making payments, and of commencing foreclosure proceedings against borrowers while their modification applications are pending, despite alleged representations not to do so. *See id.* ¶¶ 4, 14-16.

---

[1]   K&L Gates LLP also represents Ocwen Financial Corporation ("Ocwen Financial"), which intends to move to dismiss Plaintiff's Complaint pursuant to a separate Request for Pre-Motion Conference.

[2]   Plaintiff's Application is integral to her claims and the Court will be able to consider it in connection with OLS' anticipated motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

## II. Plaintiff's Loan Modification Application

As part of her December 28, 2011 Application, Plaintiff completed a Hardship Letter, in which she admitted that she "fell behind" on her mortgage payments around June 2011 and sought a loan modification to catch up on her past due payments. *Id.* ¶ 23; Appl. at 7. Plaintiff also executed a "Borrower/Co-Borrower Acknowledgement and Agreement" ("Acknowledgment"). *See* Appl. at 10; *see also* Compl. at ¶¶ 22-23. The Acknowledgment provides that OLS was not obligated to modify Plaintiff's loan or to forebear from any pending collection activities. *See* Appl. at 10. The Application, in fact, makes clear that submission and review of the Application would not stop, delay, or prohibit OLS from pursuing foreclosure. The Application's first page provided that: "The review process may take up to 30 days after the receipt of the completed package. During this time, Ocwen will not delay or stop any collections or legal activity on your loan." *Id.* at 1 (emphasis added); *see also id.* at 11 (containing substantially similar language immediately after signature page).

## III. Plaintiff's Breach of Contract Claim Fails to State a Claim for Relief

In her breach of contract claim, Plaintiff alleges that OLS breached "various contractual agreements." Compl. at ¶ 80. While the Complaint does not identify any specific agreement, Plaintiff alleges that OLS breached agreements by foreclosing on borrowers that "were not in default" or that "had not received a notice of default," by foreclosing on borrowers while loan modification applications were pending despite alleged "oral and written assurances" that OLS would not foreclose, and by commencing foreclosure proceedings against borrowers who withheld monthly payments allegedly at the direction of OLS. *Id.* These allegations do not support a claim.

First, Plaintiff's bare allegations of "various contractual agreements" fail to sufficiently allege the existence of a contract, the terms of the contract, or the provisions allegedly breached. *See Abraham v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 2285205, at *10 (E.D.N.Y. May 23, 2013). Second, to the extent Plaintiff's claim is based on her original loan agreements (Note and Mortgage) (*see* Compl. ¶ 79), Plaintiff has expressly admitted that she "fell behind" on her loan payments in or around June 2011 and that she stopped making payments after submitting her Application in December 2011. *See* Appl. at 7; Compl. ¶¶ 25, 30. Plaintiff's failure to make timely monthly payments constituted a default on her Note and Mortgage, which expressly authorized foreclosure. Plaintiff therefore, lacks standing to pursue a claim based on bald allegations that she was not in default in May 2012 when OLS allegedly began foreclosure proceedings. Plaintiff's own breach of her Note and Mortgage, moreover, preclude her from stating a breach of contract claim based on her "loan agreements" under any theory. *See Bravo v. MERSCORP, Inc.*, 2013 WL 1652325, at *5 (E.D.N.Y. Apr. 16, 2013). Plaintiff similarly has not adequately alleged causation.

Third, Plaintiff's reliance on alleged "oral and written assurances" that OLS would not foreclose while her Application was being considered is similarly deficient. Plaintiff fails to identify what, if any, specific assurance exists to support her claim. And, the Application (the only conceivable agreement alleged), expressly belies any alleged assurances not to foreclose. Indeed, the Application, on its first and last pages, states explicitly that submission and review of the Application "**will not delay or stop any collection or legal activity on your loan.**" Appl. at 1, 11. OLS' alleged commencement of a foreclosure action cannot constitute a breach of the Application, and, even if it could, Plaintiff alleges that OLS did not initiate foreclosure until May 16, 2012, more than three weeks after her Application was first denied in April 2012. *See* Compl. ¶¶ 39-41, 43. Finally, Plaintiff cannot rely on alleged "oral" assurances that OLS would not foreclose to support her claim as any such claim is barred by the Statute of Frauds. *See Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc.*, 2011 WL 1701795, at *9 (E.D.N.Y. Apr. 30, 2011); *Milton v. U.S. Bank Nat'l Ass'n*, 508 Fed. App'x 326, 328-29 (5th Cir. 2013) ("An agreement to delay foreclosure . . . must be in writing to be enforceable.").

**K&L GATES**

Page 3
October 24, 2013

### IV. Plaintiff's Quasi-Contract Claims are Equally Flawed and Subject to Dismissal

Plaintiff's claims for breach of implied contract, implied covenant of good faith and fair dealing, and promissory estoppel are all duplicative of Plaintiff's breach of express contract claim and should be dismissed. *See Karmilowicz v. Hartford Fin. Servs. Group, Inc.*, 494 Fed. App'x 153, 157 (2d Cir. 2012); *Amadasu v. Ngati*, 2006 WL 842456, at *8 (E.D.N.Y. Mar. 27, 2006). Plaintiff's claims, moreover, are deficiently pled and should be dismissed for the same reasons that her breach of express contract claim fails.

### V. Plaintiff's Negligent Misrepresentation Claim Fails as a Matter of Law

Plaintiff's negligent misrepresentation claim is also flawed. First, Plaintiff has not alleged the existence of the necessary special relationship and corresponding duty to disclose by OLS. The relationship between a borrower and a mortgage lender or servicer ordinarily does not create a special relationship or a duty to disclose. *See Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 608 (S.D.N.Y. 2013). And Plaintiff has pled no facts to show any special relationship between her and OLS beyond that of a loan servicer and borrower. *See id.* Second, Plaintiff's claim relies on alleged statements of future conduct (*i.e.*, the review of the Application and alleged promises not to foreclose), which cannot support negligent misrepresentation claims. *See MTA Bus Non-Union Employees Rank and File Comm. v. Metro. Transp. Auth.*, 899 F. Supp. 2d 256, 267 (S.D.N.Y. 2012); *Milton*, 508 Fed. App'x at 328-29. Third, a negligent misrepresentation claim cannot stand where a plaintiff seeks to transform alleged contractual duties into tort duties. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2013 WL 2452169, at *14 (S.D.N.Y. June 6, 2013). Finally, even if Plaintiff's allegations could support her claim, her alleged misrepresentations are belied by the Application and, to the extent based on unspecified oral representations, fail to satisfy the heightened pleading standards of Rule 9(b).

### VI. Plaintiff's Claims Under the New York General Business Laws Fail to State a Claim

Plaintiff's claims under N.Y. Gen. Bus. Laws §§ 349 and 350 are similarly deficient. First, Plaintiff's claims are based on OLS's specific servicing of her loan and its review of her Application. Otherwise, the Complaint offers nothing more than conclusory allegations of "uniform" practices to suggest that her claims arise from anything more than a private contract dispute, and not a deceptive practice aimed at the public. *See Corazzini v. Litton Loan Servicing LLP*, 2010 WL 1132683, at *8 (N.D.N.Y. Mar. 23, 2010); *Hayrioglu v. Fanite Capital Funding, LLC*, 794 F. Supp. 2d 405, 410 (E.D.N.Y. 2011). Second, Plaintiff has not alleged an actual deceptive act, misrepresentation, or other wrongdoing by OLS, and, even if she had, her claims stand at odds with the plain terms of the Application and her admitted pre-application default on her loan. As to Plaintiff's "false advertising" claim under § 350, the Complaint does little more than recite back the statutory elements of a claim and offers no supporting factual allegations or explanation as to what OLS did that constitutes "false advertising in the conduct of any business." Nor does the Complaint identify any actual "advertisement" promising a loan modification, forbearance from foreclosure, or other relief (temporary or permanent) from her loan payment obligations. Thus, Plaintiff's claims are deficiently pled.

### VII. Conclusion

For the above reasons, among others, OLS intends to move to dismiss Plaintiff's Complaint. As such, OLS respectfully requests that the Court schedule a pre-motion conference and set a briefing schedule.

Very truly yours,

Brian M. Forbes
Enclosures
cc: All Counsel of Record (via ECF & E-mail)