**K&L GATES**

K&L GATES LLP
STATE STREET FINANCIAL CENTER
ONE LINCOLN STREET
BOSTON, MA 02111
T +1 617 261 3100  F +1 617 261 3175  klgates.com

October 24, 2013

Brian M Forbes
brian.m.forbes@klgates.com

T +1 617 261 3152
F +1 617 261 3175

**Via Electronic Filing/ECF**

The Honorable Leonard D. Wexler
United States District Judge
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York  11722

Re:   Harte v. Ocwen Financial Corporation and Ocwen Loan Servicing, LLC, No. 2:13-cv-5410-LDW-AKT (E.D.N.Y.) – *Request for Pre-Motion Conference on Motion to Dismiss*

Dear Judge Wexler:

K&L Gates LLP represents Defendants Ocwen Financial Corporation ("Ocwen Financial") and Ocwen Loan Servicing, LLC ("OLS") in the above-referenced action. Pursuant to the Court's Individual Practice Rules, Rule 2.B, Ocwen Financial respectfully requests a pre-motion conference on its intended motion to dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Deborah C. Harte ("Plaintiff").

Ocwen Financial intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that all of the purportedly improper conduct alleged by Plaintiff is directed at OLS and Plaintiff has not sufficiently alleged that Ocwen Financial itself engaged in any of the conduct that forms the basis of her claims. Moreover, to the extent that Plaintiff has named Ocwen Financial in its capacity as the ultimate parent of OLS, the Complaint lacks sufficient allegations to warrant piercing the corporate veil and does not plead sufficient allegations to support a plausible derivative liability claim based on an agency theory.[1]

### I.   Plaintiff's Complaint

As pled in her Complaint, Plaintiff's claims turn on allegations regarding the servicing of her mortgage loan by OLS. *See* Complaint ¶¶ 18-54. Specifically, Plaintiff's allegations and causes of action concern her alleged efforts to obtain a loan modification **from OLS**, the alleged **conduct of OLS** in connection with the review and processing of her loan modification application, the alleged denial of her loan modification application **by OLS**, and the alleged commencement of foreclosure proceedings against her **by OLS**. *See id.* The Complaint, however, does not allege any facts or specific allegations suggesting any specific action taken by Ocwen Financial or any direct relationship between Ocwen Financial and Plaintiff or her loan. *See id.* ¶¶ 18-54. Instead, the Complaint rests upon general and unsupported allegations that "Ocwen" (defined to include OLS and Ocwen Financial) has engaged in unlawful loan servicing activities. *Id.* ¶¶ 1, 3-5, 10-54, 70-73, 82-112. Plaintiff asserts six causes of action on behalf of herself and a putative class of individuals. *See id.* ¶¶ 77-112. Plaintiff's claims include: (1) breach of contract; (2) breach of

---

[1]   Ocwen Financial also intends to join in OLS' anticipated motion to dismiss, as discussed in OLS' Request for Pre-Motion Conference, and expressly adopts and incorporates by reference all arguments set forth therein.

**K&L GATES**

Page 2
October 24, 2013

implied contract; (3) breach of the covenant of good faith and fair dealing; (4) negligent misrepresentation; (5) promissory estoppel; and (6) violation of New York General Business Law §§ 349 and 350. *See id.*

## II. Argument

### A. Plaintiff's Complaint Lacks Allegations to Support Claims for Direct Liability

Plaintiff's claims are predicated on allegations regarding the servicing of her mortgage loan by OLS. *See* Complaint ¶¶ 18-54. Plaintiff does not allege that Ocwen Financial services or serviced her loan, and Ocwen Financial is not alleged to have had any specific or direct interactions with Plaintiff or her loan. While the Complaint includes general allegations regarding alleged loan servicing practices of OLS, noticeably absent are any allegations as to what conduct, if any, Ocwen Financial has specifically engaged in to give rise to the claims alleged in the Complaint. Instead, Plaintiff rests solely on allegations that Ocwen Financial is a "financial services holding company" that acts "through its subsidiaries," such as OLS.[2] *Id.* ¶¶ 7-8. The Complaint does not identify any contract or agreement between Ocwen Financial and Plaintiff concerning her loan, it does not point to any specific promise, statement, or representation made to Plaintiff by Ocwen Financial, it does not suggest a direct relationship between Ocwen Financial and Plaintiff, and it does not identify any specific conduct of Ocwen Financial directed to Plaintiff or her loan. Plaintiff's Complaint therefore fails to state any claim for direct liability against Ocwen Financial and fails to satisfy the pleading standards under Rules 8(a) and 12(b)(6).[3]

### B. Plaintiff's Complaint Lacks Sufficient Allegations to Pierce the Corporate Veil

Plaintiff cannot state plausible claims against Ocwen Financial simply because it is the ultimate corporate parent of OLS and is alleged to act through its subsidiaries. "It is a general principle of corporate law . . . that a parent corporation . . . is not liable for the acts of its subsidiaries." *U.S. v. BestFoods*, 524 U.S. 51, 61 (1998). The law recognizes a "presumption of separateness" that is afforded to related corporations. *See DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996). As such, "[i]t is well accepted that a parent corporation is not liable for the actions of its subsidiary absent facts sufficient to pierce the corporate veil." *Weinstein v. EBay, Inc.*, 819 F. Supp. 2d 219, 223 (S.D.N.Y. 2011).

To impute liability to Ocwen Financial, Plaintiff must plead fact-specific allegations sufficient to warrant piercing two different corporate veils – first, OLS and, second, OLS' direct parent, Ocwen Mortgage Servicing, Inc. ("OMS"). To do so, Plaintiff must plausibly allege the existence of each of the elements necessary to pierce the corporate veil under Delaware law (applicable to OLS) and the law of the U.S. Virgin Islands (applicable to OMS). Plaintiff's Complaint fails to satisfy either standard.

Plaintiff fails to plead allegations to demonstrate, or even plausibly suggest, that OFC or OMS exercises such "complete domination and control" over OLS such that it lacks any "legal or independent significance of its own." *See Wallace v. Wood*, 752 A.2d 1175, 1183-84 (Del. Ch. 1999); *Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347-48 (S.D.N.Y. 2013). The Complaint, in fact, contains no allegations of domination or control whatsoever. This is insufficient. *See Capmark*, 491 B.R. at 347 ("[t]he unadorned invocation of dominion and control is simply not enough to state a claim premised on veil piercing"). Nor does the Complaint allege facts to plausibly suggest the inference that OLS

---

[2] Ocwen Financial does not service mortgage loans; it is merely a holding company for subsidiary entities that are engaged in mortgage loan servicing. *See* Complaint at ¶ 7; *see also* Notice of Removal at ¶ 22 n.1 (Dkt. No. 1).

[3] The Rule 8(a) standard is not met and dismissal is warranted where a complaint merely lumps together defendants without providing any factual allegations to distinguish their conduct. *See Ochre LLC v. Rockwell Arch. Plan. and Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012).

**K&L GATES**

is a "sham entity" or a mere "vehicle for fraud" created and used by OFC and OMS "deliberately, with specific intent to escape liability for a specific tort or class of torts." *Trevino v. Merscorp., Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008). As such, Plaintiff has failed to allege the existence of an injustice or unfairness "found in the defendants' use of the corporate form," necessary to warrant piercing the corporate veil under Delaware law. *Id.*; *Capmark*, 491 B.R. at 350 ("Plaintiffs have . . . not adequately alleged . . . that [defendant] used its subsidiaries' corporate forms as a 'sham' to perpetrate a 'fraud or injustice'").

The Complaint similarly fails to plead allegations sufficient to pierce the corporate veil of OMS under U.S. Virgin Islands law. *See Matheson v. Virgin Islands Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 833 (D. V.I. 2003) (piercing warranted only "when the court must prevent fraud, injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability"). Indeed, Plaintiff does not set forth even a minimal recitation of the corporate formality/veil piercing factors, nor does the Complaint contain any allegation to support an inference that Ocwen Financial wielded dominion or control over and/or ignored the separate corporate existences of OMS and OLS. *See id.*; *Dadgostar v. St. Croix Fin. Center, Inc.*, 2011 WL 4383424, at *12 (D. V.I. Sept. 20, 2011) ("a plaintiff seeking to pierce the corporate must plead more than conclusory allegations that the [parent corporation] abused the corporate form"). The Complaint, moreover, lacks any allegation or suggestion that Ocwen Financial has used the corporate structure of OMS "to perpetrate a fraud or similar injunctive." *Pichierri v. Crowley*, 2010 WL 7698031, at *5 (V.I. Super. Ct. May 18, 2010); *Matheson*, 297 F. Supp. 2d at 833 ("[a]bsent evidence of some fraud or injustice resulting directly from the abuse of the corporate form, the specific, unusual circumstances necessary to justify piercing the corporate veil are lacking").

Simply put, Plaintiff has failed to plead allegations sufficient to pierce the corporate veils of OLS or OMS under either Delaware or the U.S. Virgin Islands law. Plaintiff, therefore, cannot impute liability to Ocwen Financial based on an alter-ego liability theory.

### C.   The Complaint Fails to Plead Allegations to Support Agency Liability

Finally, to the extent that Plaintiff argues that Ocwen Financial may be held liable for the alleged actions of OLS under agency law, Plaintiff's claims are equally deficient. *See Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 89 (S.D.N.Y. 2010) (describing parent liability under an agency theory as "remote"). Plaintiff's Complaint does not plead or identify any allegations to support even a possible, never mind a plausible, claim that OLS serviced Plaintiff's loan, reviewed Plaintiff's loan modification application, or took any action, at the complete direction or control of Ocwen Financial. Nor does the Complaint permit an inference that Ocwen Financial manifested any intent that OLS take specific action as to Plaintiff's loan. As such, Plaintiff's Complaint does not, and cannot, support the extension of liability to Ocwen Financial under principles of agency law. *See id.* at 90; *Trevino*, 583 F. Supp. 2d at 531.

### III.   Conclusion

For the foregoing reasons, among others, Ocwen Financial intends to move to dismiss Plaintiff's Complaint. As such, Ocwen Financial respectfully requests that the Court schedule a pre-motion conference to discuss Ocwen Financial's anticipated motion to dismiss and set a briefing schedule.

Very truly yours,

*[signature]*

Brian M Forbes
cc:  All Counsel of Record (via ECF & E-mail)