UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DEBORAH C. HARTE, *on behalf of herself
and others similarly situated*,

                       Plaintiff,

               v.

OCWEN FINANCIAL CORPORATION and
OCWEN LOAN SERVICING, LLC,

                       Defendants.

**MEMORANDUM & ORDER**
13-CV-5410 (MKB) (RER)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff commenced this action in New York state court on behalf of herself and a nationwide class of similarly situated homeowners, alleging that Defendants made misrepresentations to borrowers in violation of New York statutory and common law. (Compl. 1, annexed to Notice of Removal as Ex. A, Docket Entry No. 1.) Defendants subsequently moved to dismiss the Complaint and have since moved to dismiss the Second Amended Complaint (the "SAC"), which motion was referred to Magistrate Judge Reyes for a report and recommendation. Currently before the Court is Plaintiff's objection to the portion of Judge Reyes' March 11, 2016 Report & Recommendation (the "R&R"), (R&R, Docket Entry No. 83), that recommends the dismissal of Plaintiff's breach of contract claim against Defendants Ocwen Financial Corporation ("OFC") and Ocwen Loan Servicing, LLC ("OLS"). (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 84.) Plaintiff alleges that OLS breached the acceleration provision of Plaintiff's mortgage by failing to provide her with a timely notice of default thirty days before filing a foreclosure action. (SAC ¶ 127, Docket Entry No. 60.) For the reasons set forth below, the Court grants OLS' motion to dismiss Plaintiff's breach of contract claim.

## I. Background

### a. Procedural background

On September 30, 2013, Defendants removed this action from state court to the Eastern District of New York. (Notice of Removal 1.) On September 19, 2014, the Court granted in part and denied in part Defendants' motions to dismiss the Complaint. *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2014 WL 4677120 (E.D.N.Y. Sept. 19, 2014). On October 20, 2014, Plaintiff filed an Amended Complaint and, on December 5, 2014, with leave of the Court, Plaintiff filed the Second Amended Complaint.

On April 16, 2015, OFC and OLS separately moved to dismiss the SAC. (Docket Entry Nos. 70, 72.) The Court referred Defendants' motions to Judge Reyes for a report and recommendation. (Order dated Oct. 6. 2015.) Judge Reyes recommended that the Court grant in part and deny in part Defendants' motions to dismiss and, in relevant part, grant OLS' motion to dismiss Plaintiff's claim for breach of the mortgage contract. (R&R 19.) On March 25, 2016, Plaintiff and OFC each filed timely objections to the R&R. (Pl. Obj.; OFC Obj. to R&R ("OFC Obj."), Docket Entry No. 85.)

By Memorandum and Order dated March 31, 2016 (the "March 31, 2016 Decision"), the Court adopted Judge Reyes' R&R in part, denying OLS' motion to dismiss Plaintiff's claims for promissory estoppel and granting OLS' motion to dismiss Plaintiff's claims for breach of the implied covenant of good faith, for breach of the loan modification agreement, and on a veil piercing theory of indirect liability. (March 31, 2016 Decision at 17, Docket Entry No. 87.) As to the contested portions of Judge Reyes' R&R, the Court rejected OFC's objections to the R&R, denying OFC's motion to dismiss Plaintiff's agency theory of direct liability and reserving decision on Judge Reyes' recommendation that the Court dismiss Plaintiff's breach of contract

claim based on the notice provision of her mortgage. (*Id.* at 18.)

### b. Factual background

On September 15, 2005, Plaintiff obtained an adjustable-rate home mortgage loan in the amount of $420,000.[1] (SAC ¶ 37.) The mortgage provided that, in the event of a default, the lender could require immediate payment in full and begin foreclosure proceedings "only if," among other conditions, the lender sent a notice of default providing the borrower with "at least 30 days from the date on which the notice is given" to correct the default.[2] (Mortgage of Deborah C. Harte ("Mortgage") ¶ 22, annexed to Decl. of Brian M. Forbes ("Forbes Decl.") as Ex. B, Docket Entry No. 74.) In December of 2011, Plaintiff began the process of modifying her loan through OLS, her loan servicer. (*Id.* ¶ 53.) Plaintiff submitted loan modification papers explaining the need for her modification. In or around June 2011, she had been "notified by the IRS that [she] owed a substantial amount of money," and as a result, she "[had fallen] behind on [her] mortgage payments." (Loan Modification Appl. 8, annexed to Forbes Decl. as Ex. C.) Plaintiff was seeking to have the mortgage modified in order to continue making payments. (*Id.*)

---

[1] The Court assumes familiarity with the record as detailed in the R&R and in the Court's prior decisions, *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2014 WL 4677120 (E.D.N.Y. Sept. 19, 2014) and 2016 WL 1275045 (E.D.N.Y. Mar. 31, 2016), and describes only the facts necessary to address Plaintiff's objections to the R&R.

[2] Although a court's review on a motion to dismiss is typically limited to the four corners of the complaint, a court may also review, among certain other categories, documents incorporated into the complaint by reference and documents integral to the complaint. *Nielsen v. Rabin*, 746 F.3d 58, 65 (2d Cir. 2014) (considering documents attached to the complaint and those incorporated by reference); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (considering documents integral to the complaint). Here, Plaintiff's claims are predicated on the mortgage, the note and the modification application, and her Complaint cites those documents extensively. The Court therefore considers those documents incorporated into and integral to the Complaint.

3

Over the following seven months, Plaintiff worked with OLS to modify her loan. (*See* SAC ¶¶ 55–98.)

On May 16, 2012, while Plaintiff's loan modification application was pending, OLS filed a foreclosure action against Plaintiff in New York Supreme Court, Kings County. (*Id.* ¶ 85.) Although her mortgage note required that OLS send her a notice of acceleration or default before filing a foreclosure action, Plaintiff did not receive any such notice. (*Id*. ¶¶ 38, 86.) After May 16, 2012, Plaintiff continued communicating with OLS regarding the loan modification, but at no time was she notified of the pending foreclosure action against her. (*Id.* ¶¶ 87–92.)

By letter dated July 9, 2012, OLS notified Plaintiff that it had sent her a notice of default and offered to assist Plaintiff in bringing her loan current. (*Id*. ¶ 93.) However, at the time of the letter, Plaintiff had not yet received a notice of default. (*Id*.) Plaintiff received the notice of default that OLS had referenced in its July 9, 2012 letter shortly thereafter, in a letter dated July 11, 2012. (*Id.* ¶ 94.) The notice stated that Plaintiff was 345 days in default and could cure the default by paying $32,116.04 on or before October 9, 2012. (*Id*.) In September of 2012, Plaintiff determined that she would be unable to obtain a modification from OLS, and in an effort to keep her home, she subsequently filed a bankruptcy petition for relief under Chapter 13 of the U.S. Bankruptcy Code. (*Id.* ¶¶ 98–99.)

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and

recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015).

    ii.    Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### b. Plaintiff fails to allege a breach of contract claim

Plaintiff objects to Judge Reyes' recommendation that the Court grant OLS' motion to dismiss Plaintiff's breach of contract claim, asserting that Judge Reyes improperly held that Plaintiff's failure to make timely mortgage payments, as required under the mortgage, precluded her breach of contract claim based on the mortgage. (Pl. Obj. 4–7.)

To establish a breach of contract claim under New York law, a plaintiff must demonstrate "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of [the] defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

"[A] party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract." *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997) (quoting *Babylon Assocs. v. Cty. of Suffolk*, 475 N.Y.S. 2d 869, 874 (App. Div. 1984)). Even so, it is only the injured party's *further* performance — and not the injured party's past nonperformance — that may, in some instances, be excused in view of the other party's breach. *See Orlander*, 802 F.3d at 298 ("[A] nonperforming party is liable for any breach of contract, but the other party is discharged from further performance, and is entitled to substantial damages only when there is a material breach." (quoting 23 Williston on Contracts § 63:3 (4th ed. 2015))).

Plaintiff concedes that "in general . . . nonperformance precludes a claim for breach of contract." (Pl. Obj. 4.) Nevertheless, Plaintiff argues that "[t]his general proposition does not apply to the contract at issue" because the notice provision "can only be breached when the lender files a foreclosure action without the requisite notice which, in turn, can only occur *after* the borrower has ceased to perform." (*Id.*) Plaintiff's reasoning mirrors that of the district courts

6

in Texas that have permitted borrowers to sustain breach-of-notice claims against lenders, notwithstanding the borrowers' own nonperformance. *See Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013) ("[T]he contractual terms that [the plaintiff] alleges were breached . . . are terms that would come into effect if the lender claims a default and pursues acceleration, such as when, for example, the borrower fails to make payments."); *Hernandez v. U.S. Bank, N.A.*, No. 13-CV-2164, 2013 WL 6840022, at *6 (N.D. Tex. Dec. 27, 2013) ("It is illogical for the Court to conclude that [the plaintiff] cannot enforce [the defendant's] obligations, assumed to be contractual, which arise after [the plaintiff's] default merely because [the plaintiff] is in default." (citation omitted)).

In general, the breach-of-contract framework is ill-suited to prosecute a breach of the notice provision in a mortgage. As Plaintiff argued, (Pl. Obj. 4), and as Judge Reyes' conceded, (R&R 10, n.8), the notice provision is an obligation that arises only after a borrower defaults. Thus, to preclude its enforcement because a borrower defaulted renders it effectively meaningless in the context of an affirmative breach of contract claim by the borrower. The provision is not meaningless, however, in the context of a foreclosure action. The mortgage itself appears to contemplate that a borrower might raise a breach of the notice provision as part of her defenses to a foreclosure action, (*see* Mortgage ¶ 22(b)(6)), and indeed, borrowers do assert such defenses. *See, e.g.*, *Wells Fargo Bank, N.A. v. Ullah*, 13-CV-485, 2015 WL 3735230, at *8 (S.D.N.Y. June 15, 2015) (raising lack of notice as affirmative defense to foreclosure); *Deutsche Bank Nat'l Trust Co. v. Quinn*, 990 N.Y.S.2d 885 (App. Div. 2014) ("Proper service of . . . notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action." (quoting *Aurora Loan Servs., LLC v. Weisblum*, 923

N.Y.S.2d 609 (App. Div. 2011))).[3] Thus, it is not the case that "[a plaintiff] cannot enforce [a defendant's] obligations" under the mortgage, *Hernandez*, 2013 WL 6840022, at *6, but in many cases the strictures of contract claims require that a plaintiff enforce those obligations in the context of foreclosure proceedings.

Plaintiff argues that Judge Reyes' R&R "surmises that [P]laintiff had waived her objection to lack of notice by failing to utilize her defense to the mortgage foreclosure action — even though it was OLS that failed to satisfy its own pleading requirement that a notice was timely sent." (Pl. Obj. 1 (internal quotations omitted).) Plaintiff further asserts that she "never had the opportunity to raise such a defense." (*Id.*) While the Court agrees that Plaintiff never waived her defense, neither does OLS have the burden of pleading timely notice in Plaintiff's breach of contract claim. Rather, Plaintiff has the burden of pleading each element of her claim.

Relying primarily on three district court cases, OLS argues that in the few circumstances in which a borrower has brought a breach of contract claim against a lender or servicer in the Second Circuit, courts nevertheless apply the standard breach-of-contract framework. (OLS Reply 6–7 (first citing *Yanes v. Ocwen Loan Servicing, LLC*, No. 13-CV-2343, 2015 WL 631962, at *3 (E.D.N.Y. Feb. 12, 2015) ("The Amended Complaint fails to allege that [the plaintiff] performed his obligation to make mortgage payments, either pursuant to his original mortgage agreement or a temporary modification agreement."); then citing *Nichols v. BAC Home Loans Servicing LP*, No. 13-CV-224, 2013 WL 5723072, at *10 (N.D.N.Y. Oct. 18, 2013)

---

[3] The use of improper notice as a defense to foreclosure has increased since the passage of section 1304 of New York's Real Property Actions and Proceedings Law ("RPAPL") in July of 2012. That section requires that a lender, assignee or loan servicer provide ninety days' notice of default to a borrower before commencing foreclosure proceedings. N.Y. RPAPL § 1304. Pursuant to section 1304, lenders and servicers instituting foreclosure proceedings must plead proper notice as a condition precedent to the claim, providing an affidavit that attests to the mailing of notice. *Id.*; *TD Bank, N.A. v. Leroy*, 995 N.Y.S.2d 625 (App. Div. 2014).

("Further, [the plaintiff] has failed to plead his own performance under the contract . . . . Accordingly, [the] plaintiff's breach of contract claim will be dismissed."); and then citing *Bravo v. MERSCORP, Inc.*, No. 12-CV-884, 2013 WL 1652325, at *5 (E.D.N.Y. Apr. 16, 2013) ("Not having fulfilled his obligations under the contract, [the] plaintiff cannot sustain a claim for breach of contract.")).)

Plaintiff correctly notes that the cases cited by OLS do not involve a notice provision and are less instructive on the facts before the Court. (Pl. Obj. 5.) Nevertheless, with little guiding authority, the Court relies on the traditional contract framework to govern this dispute.[4]

In alleging a claim for breach of contract under New York law, Plaintiff is required to, at least, generally plead her own performance under the contract. *Distributorsoutlet.com, LLC v. Glasstree, Inc. et al*, No. 11-CV-6079, 2016 WL 1273229, at *6 (E.D.N.Y. Mar. 31, 2016) (deeming "fatal to the [c]omplaint" the plaintiff's failure to allege whether it performed on the contract); *S.O. Textiles Co. v. A&E Prods. Grp.*, 18 F. Supp. 2d 232, 238–39 (E.D.N.Y. 1998) (dismissing the complaint with leave to amend where "[the] plaintiff has failed to allege that it actually performed its obligations under any contract it may have had with [the defendant]"); *cf. Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 640 (E.D.N.Y. 2012) (denying motion to dismiss breach of home loan modification contract claim where the plaintiff generally averred that he met the condition precedent by submitting correct paperwork); *see*

---

[4] Scattered district courts nationwide have considered similar breach of contract claims against mortgage servicers and lenders, but there remains little consensus about how to treat a mortgage borrower's failure to perform. *See, e.g., Sykes v. RBS Citizens, N.A.*, 2 F. Supp. 3d 128, 136–37 (D.N.H. 2014) (applying New Hampshire law and holding that the plaintiff adequately pleaded breach of mortgage notice provision even where the plaintiff ceased payment on the mortgage); *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673, 680 (E.D. Tex. 2014) (applying Texas law and holding that the plaintiff could not allege breach of contract where he failed to make required monthly payments under the mortgage).

*generally Markowitz v. Republic Nat'l Bank of N.Y.*, 651 F.2d 825, 827 (2d Cir. 1981) (affirming summary judgment for the defendant despite alleged breach of commercial mortgage because "[t]he terms of the mortgage precluded [the plaintiff] from demanding the release of liens so long as [the plaintiff] itself was in default under the mortgage, and . . . failure to pay real estate taxes . . . constituted a default under the terms of the mortgage").

Plaintiff has not met her burden of alleging performance under the contract. The SAC states that Plaintiff and the class members made payments "until they were directed by OLS that they should withhold payments," (SAC ¶ 131), and ordinarily, this would suffice to meet Plaintiff's burden on a motion to dismiss, *see Mendez*, 840 F. Supp. 2d at 648 (collecting cases to hold that a plaintiff is not required to plead the performance of conditions precedent and that, even were it so, "general averments" will suffice). Here, however, Plaintiff's loan modification application appears to refute her pleading, (Loan Modification Appl. at 8), by stating that Plaintiff stopped payments on her mortgage prior to seeking a loan modification, and Plaintiff's objections to the R&R admit as much, (*see* Pl. Obj. 2 ("Plaintiff fell behind on her mortgage payments.").) Had Plaintiff ceased payment only after some material action or inaction by OLS, the Court could inquire into excuses for Plaintiff's nonperformance. *See Frank Felix Assocs.*, 111 F.3d at 289. That inquiry is not relevant in this instance, where Plaintiff failed to remit payments before any of the events that support the claims in her SAC.

Thus, Plaintiff has failed to properly allege that she performed under the mortgage, and as a result, she cannot sustain a breach of contract claim against OLS. *See Pondexter v. EMI Record Grp. Inc.*, No. 11-CV-559, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true."

10

(citing *Barnum v. Millbrook Care Ltd. Partnership*, 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994))).

### III. Conclusion

For the foregoing reasons, the Court adopts Judge Reyes' recommendation and grants Defendant's motion to dismiss Plaintiff's claim for breach of contract based on the notice provision of the mortgage.

SO ORDERED:

    s/ MKB   
MARGO K. BRODIE  
United States District Judge

Dated: July 1, 2016  
        Brooklyn, New York